WYNN, Circuit Judge,
dissenting:
To prove a violation 18 U.S.C. § 287, the government bears the burden of establishing “two elements: 1) making or presenting a claim to any agency of the United States 2) knowing such claim to be false, fictitious, or fraudulent.” United States v. Ewing, 957 F.2d 115, 119 (4th Cir.1992). There is no dispute that filing a tax return for a refund constitutes “presenting a claim” to the IRS. The key issue here is whether the government presented sufficient evidence to show that each of the tax returns in this matter supporting an individual count under 18 U.S.C. § 287 was “false, fictitious, or fraudulent.”
For the fourteen returns supporting Counts 1, 2, 4-8, 11-14, and 16-18, the government presented not only the returns but also the persons named on those returns, who testified that the returns were unauthorized and or inaccurate. Accordingly, I agree with the majority that the government met its burden of proof under 18 U.S.C. § 287 as to those fourteen counts.
As to Counts 3, 9, 15, and 19, however, the government presented only the four *381 returns. The government essentially argued that because these naked returns looked just like the fourteen returns clothed by witnesses’ testimonies, they were dressed in the requisite criminality. The majority apparently agreed, stating that the four naked returns were “remarkably similar” to the returns clothed by witnesses’ testimonies. Supra 876. But the only similarities between the naked and clothed returns — -the tax preparer information (PTIN and EFIN) and refund destination — show nothing inherently false or fraudulent about the four naked returns.
Moreover, the use of the PTIN and EFIN shows only that DL Anderson prepared the return, not that this preparation was unauthorized. Similarly, the use of the routing number shows only that the refund was to be deposited into an account controlled by Anderson, not that this direction was unsanctioned. Nor is it unlawful to direct a refund to a tax preparer or another third party. Put simply, the tax preparer information (PTIN and EFIN) and refund destination appear on all returns filed by tax preparers. Indeed, based on this evidence, the returns were just as likely honest and accurate as they were fraudulent and false.
Further, merely associating these naked returns with the fourteen other returns was an insufficient basis for convicting Anderson on Counts 3, 9, 15, and 19. A pattern of conduct may be used to connect a crime to a particular individual or establish intent. Here, however, the pattern is not being used to infer that it was Anderson who filed the four returns, but that those returns were false in the first place — that there was, in fact, a crime. See United States v. Drape, 668 F.2d 22, 26 (1st Cir.1982) (“Appellant’s signature on his [tax] return was sufficient to establish knowledge once it had been shown that the return was /afee.”)(emphasis added). Yet this cannot be, as “[t]he first presumption is that a defendant is innocent unless and until the government proves beyond a reasonable doubt each element of the offense charged.” Clark v. Arizona, 548 U.S. 735, 766, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006). Drawing this inference belies the bedrock principle of criminal law that the government bears the burden of proving each element of an offense. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (“[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.”).
To be sure, the government need not have presented direct witness testimony to demonstrate that the tax returns associated with Counts 3, 9, 15, and 19 were false or fraudulent; nonetheless, some evidence was required to carry the government’s burden to prove this element — and none was presented. Because the evidence at trial was insufficient for any rational fact— finder to conclude beyond a reasonable doubt that these four naked returns were false or fraudulent, I respectfully dissent.